IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JUAN CARLOS ALPIZAR MORALES**                    **PLAINTIFF**

vs.                                    No. 1:22-cv-553

**QSR SE, LLC, and VALUE FOODSERVICE, LLC**           **DEFENDANTS**

## ORIGINAL COMPLAINT

Plaintiff Juan Carlos Alpizar Morales, by and through undersigned counsel, for his Original Complaint against Defendants QSR SE, LLC, and Value Foodservice, LLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper compensation under the FLSA.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Middle District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Houston County.

6. Defendant QSR SE, LLC ("QSR"), is a foreign limited liability company.

7. QSR's registered agent for service of process is Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

8. Defendant Value Foodservice, LLC ("VFS"), is a foreign limited liability company.

9. VFS's registered agent for service of process is Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

### IV. FACTUAL ALLEGATIONS

10. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for employees through unified management.

11. Upon information and belief, the revenue generated from QSR and VFS was merged and managed in a unified manner.

12. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

13. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as food and beverage products.

14. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Plaintiff regularly used instrumentalities of interstate commerce such as the internet and his cell phone in carrying out his job duties, as well as to communicate with Defendants regarding his job duties and work schedule.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendants paid Plaintiff an hourly wage.

18. Defendants employed Plaintiff as an hourly-paid "Handyman" from September of 2018 until the present.

19. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts performing physical labor, and not working in an office.

20. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

21. Plaintiff regularly worked over forty hours in a week.

22. Defendants did not pay Plaintiff 1.5x his hourly rate for all hours worked over 40 each week.

23. When Plaintiff worked hours over forty in a week, he was paid his regular hourly rate for those hours. In other words, Defendants did not pay Plaintiff an overtime premium for hours worked over forty in a week.

24. Defendants set Plaintiff's work schedule.

25. Defendants assigned so much work to Plaintiff that he was unable to complete it all in less than forty hours in a week.

26. Plaintiff tracked his hours via paper timesheet, which he submitted to Defendants each pay period.

27. Defendants knew or should have known that Plaintiff worked over 40 hours in at least some weeks.

28. Defendants knew or should have known that Plaintiff was entitled to an overtime premium for hours worked over forty each week.

29. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all hours worked over 40 each week.

30. The net effect of Defendants' practices and policies regarding pay, as described above, is that Defendants intentionally deprived Plaintiff of overtime premiums for hours worked over forty each week.

31. Defendants made no reasonable efforts to ascertain and comply with applicable law.

32. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### V.   CLAIM FOR RELIEF—VIOLATION OF THE FLSA

33. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

34. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

35.     Defendants are an "employer" within the meaning of the FLSA and Plaintiff is an "employee" within the meaning of the FLSA.

36.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

37.     Plaintiff, as an employee of Defendants, did not meet the overtime exemption requirements of 29 U.S.C. § 213.

38.     Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

39.     Defendants knew or should have known that its actions violated the FLSA.

40.     Defendants' conduct and practices, as described above, were willful.

41.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

42.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Juan Carlos Alpizar Morales respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.   Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C.   Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D.   An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JUAN CARLOS ALPIZAR MORALES**

SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com